UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN BURK, | ) 1:09-cv-00350-JLT |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING COUNSEL'S MOTION |
| | ) FOR ATTORNEY FEES PURSUANT TO 42 |
| MICHAEL J. ASTRUE, | ) U.S.C. § 406(b) |
| Commissioner of Social Security, | ) (Doc. 22) |
| Defendant. | ) |

Laura E. Krank, ("Counsel") attorney for Plaintiff Loren Burk, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 22). Loren Burk has not opposed the motion. Defendant filed a response to the motion, asserting the Commissioner "takes no position on the reasonableness of the request." (Doc. 23 at 4). For the following reasons, the motion for attorney fees is **GRANTED**.

**I.  Factual and Procedural History**

Plaintiff and Counsel entered into a contingent fee agreement, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits on February 9, 2007. (Doc. 22, Exh. 1).

On February 29, 2002, Plaintiff filed a complaint for review of the administrative decision denying Social Security benefits. (Doc. 2). The Court concluded the decision was not supported by substantial evidence in the record and issued an order remanding the case pursuant

to 42 U.S.C. § 405(g) for further consideration on July 1, 2010. (Doc. 18). Following the entry of judgment in favor of Plaintiff (Doc. 19), the parties stipulated to an award of $3,389.00 in attorney fees pursuant to the Equal Access Justice Act (Doc. 20), which was awarded on October 7, 2010. (Doc. 21).

On August 15, 2011, Plaintiff received a notice of a "fully favorable decision" from an administrative law judge. (Doc. 22, Exh. 2). Plaintiff received a "Notice of Award," which indicated he was entitled to retroactive benefits beginning March 2006. (Doc. 30, Exh. 3).

## II.   Attorney Fees under § 406(b)

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III.   Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

1    In this case, Plaintiff willingly entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits.  Counsel accepted the risk of loss in the representation and spent 26.5 hours on the case.  (Doc. 22 at 3).  Counsel provided a record of the time spent on the matter, which establishes the amount of time spent on the case was reasonable.  (Doc. 30, Exh. 4).

As a result of Counsel's work, she secured a remand of the matter to an administrative law judge, and, ultimately, the award of benefits to Plaintiff.  For this, Counsel requests a fee of $20,000.00 under the fee contract, though she would be entitled to $26,100.60 under the agreement because Plaintiff expects to receive $104,402.40 in retroactive benefits.  *Id*.  Because $3,389.00 was paid under the EAJA, the net cost to Plaintiff is $16,611.00.  Notably, although Plaintiff was served with the motion and informed he may file a response (Doc. 22 at 2), Plaintiff did file an opposition, thereby indicating his belief that the fees requested are reasonable.

### IV.  Conclusion and Order

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b).  Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Counsel's motion for attorney fees pursuant to §406(b) in the amount of $20,000.00 is **GRANTED**;
2. The Commissioner SHALL pay the amount directly to Counsel; and
3. Counsel SHALL refund $3,389.00 to Plaintiff Loren Burk.

IT IS SO ORDERED.

Dated:   **February 4, 2012**              /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE